IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ZORA WEST,[1] | § | |
| | § | No. 405, 2023 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CS22-04128 |
| ABNER MOODY, | § | Petition No. 21-19286 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: August 23, 2024
Decided: September 24, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     The petitioner below-appellant, Zora West ("Mother"), filed this appeal from a Family Court's custody and visitation order ("Custody Order").  Following remand for the Family Court to set forth its reasoning, including analysis of the best-interest factors under 13 *Del. C.* § 722, for the Custody Order or to direct preparation of a transcript of the custody hearing if the Family Court had given its reasoning during the hearing, the Family Court ordered preparation of the transcript at State

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

expense and returned the matter to this Court. Mother had the opportunity to submit a supplemental opening brief, but did not submit anything. Having considered the parties' positions, the Court concludes that the judgment of the Family Court should be affirmed.

(2) Mother and the respondent below-appellee, Abner Moody ("Father"), are the parents of a child born in 2021. On August 16, 2021, Mother filed a petition for custody of the child. She sought joint legal custody and primary residential placement of the child.

(3) On October 16, 2023, the Family Court held a hearing on Mother's petition for custody. The Family Court heard testimony from Mother and Father. At the conclusion of the hearing, the Family Court weighed the best-interest factors under 13 *Del. C.* § 722 and awarded the parties joint legal custody and shared physical placement of the child. This appeal followed.

(4) This Court's review of a Family Court decision includes a review of both the law and the facts.[2] Conclusions of law are reviewed *de novo*.[3] Factual findings will not be disturbed on appeal unless they are clearly erroneous.[4]

(5) On appeal, Mother argues that the Family Court erred in finding that there was not enough evidence of domestic violence to affect the best-interests

---

[2] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*
[4] *Id.*

analysis. To support this claim, Mother includes her affidavit for a protection-from-abuse order ("PFA") she filed in March 2022 and a consent PFA entered without a finding of abuse in April 2022. Mother also alleges that Father has harmed the Child and failed to comply with Family Court orders since the Family Court's custody ruling.

(6) The Family Court determines "the legal custody and residential arrangements for a child in accordance with the best interests of the child."[5] The factors for determining the best interests of the child are set forth in 13 *Del. C.* § 722.[6] One of those factors is "[e]vidence of domestic violence as provided for in Chapter 7A of this title."[7] Domestic violence "includes but is not limited to physical or sexual abuse or threats of physical or sexual abuse and any other offense against the person committed by 1 parent against the other parent, against any child living in either parent's home, or against any other adult living in the child's home."[8]

---

[5] 13 *Del. C.* § 722.

[6] The best-interest factors set forth in § 722 include: (i) the wishes of the parents; (ii) the wishes of the child; (iii) the interaction of the child with his parents, relatives, and any other residents of the household; (iv) the child's adjustment to his home, school, and community; (v) the mental and physical health of all individuals involved; (vi) the past and present compliance of the parents with their rights and responsibilities to their child; (vii) evidence of domestic violence; and (viii) the criminal history of any party or any other resident of the household.

[7] 13 *Del. C.* § 722(a)(7).

[8] 13 *Del. C.* § 703A(a).

(7)    Before Mother testified about domestic violence at the custody hearing, the Family Court emphasized that the consent PFA was entered without a finding of abuse and stated:

> So there was no finding of abuse in regard to that PFA.  So if there was domestic violence that you experienced during your relationship, you have to tell me about that now.  Don't assume anything that you have ever filed anywhere else can be used because it can't.  So you have to tell me in your own words, like, what happened because I can use findings of domestic violence, like, if you had a full hearing on the merits and the judge said he had committed domestic violence,  I would have to—I would—could use that.  And I can use criminal convictions regarding domestic violence, but nobody has any criminal convictions regarding domestic violence, neither of you, that I can see.  So if you— if you would like me to consider any past domestic violence, you have to tell me about it now.[9]

Mother then described the domestic violence as "a lot of arguing" with some of the arguments getting "heated where there was physical altercations taking place from both parties."[10]  She did not make the allegations of domestic violence contained in her PFA affidavit or her opening brief.  Father agreed with Mother's description of the domestic violence, testifying that there were a lot of verbal fights and occasional physical altercations between the parties.

(8)    In analyzing the evidence of domestic violence, the Family Court concluded that the parties had not "given any evidence of domestic violence that

---

[9] Oct. 16, 2023 Tr. at 27.
[10] *Id.* at 28.

would make this factor lean in favor of one party or the other party."[11]  The judge stated that the parties had described fights that sometimes became physical, but neither party had blamed one party for those fights.  Given the evidence presented at the custody hearing, the Family Court did not err in finding that the domestic violence factor of the best-interests analysis did not weigh in favor of either party.  As the Family Court explained to the parties, the PFA was entered by consent without a finding of abuse and the parties had to describe any domestic violence at the custody hearing.  The parties described a mutually combative relationship in which neither party was singled out as a perpetrator of domestic violence.

(9)  Because Mother did not make the allegations of domestic violence as they are set forth in her PFA affidavit or her opening brief at the custody hearing, we will not consider those allegations for the first time on appeal.[12]  Mother's claims concerning Father's conduct since the custody order on appeal must be raised in the Family Court in the first instance.[13]  The Family Court appropriately considered the

---

[11] *Id.* at 83.

[12] *See Del. Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").

[13] *See Holmes v. Grant*, 2023 WL 2768914, at *1 (Del. Apr. 3, 2023) ("To the extent that the appellant argues that the residential placement and contact schedule should be altered based on events that have occurred since the Family Court entered the order that is the subject of the appeal, that claim must be presented to the Family Court in the first instance."); *Price v. Boulden*, 2014 WL 3566030, at *2 (Del. July 14, 2014) ("[T]his evidence was not available to the Family Court in the first instance, is outside of the record on appeal, and cannot properly be considered by this Court.").  The Family Court may modify a custody order entered after a full hearing within two years if it finds that continuing enforcement of the previous order may endanger the child's physical health or significantly impair her emotional development. 13 *Del. C.* § 729(c)(1).

best-interest factors set forth in 13 *Del. C.* § 722 in light of the evidence presented and acted within its broad discretion in deciding the custody and residential arrangements for the child.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice